UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAWNY G. L.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 2:19-CV-00697-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the Commissioner of the Social Security Administration's ("Commissioner") denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not err at Step Two or Step five of the sequential evaluation process. The ALJ also did not err in her evaluation of the medical opinion evidence. Accordingly, the ALJ's finding of non-disability is supported by substantial evidence, and the Commissioner's decision is affirmed.

## FACTUAL AND PROCEDURAL HISTORY

On January 26, 2010, Plaintiff filed an application for SSI, alleging disability as of August 31, 2001. *See* Dkt. 10, Administrative Record ("AR") 466. The application was denied upon initial administrative review and on reconsideration. *See* AR 466. A hearing was held before ALJ Laura Valente, who found Plaintiff not disabled on October 26, 2011. *See* AR 30. Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council. AR 3. Plaintiff brought a federal civil complaint before the U.S. District Court for the Western District of Washington, and after it affirmed, the U.S. Court of Appeals for the Ninth Circuit reversed, instructing this Court to remand the case to the Commissioner so that the ALJ could determine Plaintiff's disability anew. AR 562-567. This Court remanded the case for further proceedings. AR 560. On November 16, 2017, the Appeals Council issued an order remanding the case to an ALJ for further proceedings. AR 574. The case was heard by the ALJ on November 13, 2018 and at that hearing Plaintiff requested a closed period of disability from January 26, 2010 until June 4, 2014.[1] AR 466. On February 5, 2019, the ALJ again found Plaintiff not disabled. AR 477. Plaintiff did not request review of the ALJ's decision by the Appeals Council, making the ALJ's February 5, 2019 decision the final decision of the Commissioner. *See* AR 464. Plaintiff now appeals the ALJ's decision finding Plaintiff not disabled.[2]

In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to consider Plaintiff's obesity and alcohol problem at Step Two of the sequential evaluation; (2) failing to

---

[1] While the appeal was pending, Plaintiff filed a subsequent claim for SSI on June 4, 2014, and she was determined to be disabled as of that date. AR 466.

[2] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referring to ALJ Valente and her February 5, 2019 decision.

properly analyze the medical opinion evidence; and (3) improperly determining Plaintiff's residual functional capacity ("RFC"). Dkt. 12.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

### I. Whether the ALJ erred in assessing Plaintiff's obesity and alcohol problem at Step Two.

Plaintiff first argues the ALJ erred by failing to consider Plaintiff's obesity and alcohol problem at Step Two. Dkt. 12, pp. 4-6. Moreover, Plaintiff argues that as a result of these errors, the ALJ improperly assessed her RFC. Dkt. 12, pp. 4-6.

Step Two of the Administration's evaluation process requires the ALJ to determine whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to perform basic work activities. 20 C.F.R. § 416.920(c). "Basic work activities are 'abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1290 (quoting 20 C.F.R. § 140.1521(b)). An impairment or combination of impairments "can be found 'not severe' only if the evidence establishes a slight abnormality having 'no more than a minimal effect on an individual[']s ability to work.'" *Id.* (quoting *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (adopting Social Security Ruling "SSR" 85-28)).

At Step Two, the ALJ found Plaintiff "has the following severe impairments: fibromyalgia; mild left knee osteoarthritis; anxiety disorder; depressive disorder; pain disorder; and a history of alcohol abuse." AR 468. The ALJ did not mention obesity in any part of her decision. *See* AR 466-477. Instead, she referenced her analysis from her prior decision, where she recognized Plaintiff's obesity as a severe impairment and considered its effect "on each body system included in the listings" and found "that the evidence does not show that obesity … [is] of listing level severity." AR 22.[3]

Plaintiff argues the ALJ erred by failing to find her obesity was a severe impairment and argues the ALJ should have considered Plaintiff's alcohol problem and its effects on her functioning. Dkt. 12, pp. 4-6. Plaintiff, without support or any further reasoning, claims the evidence in the longitudinal record supports the opinion that her obesity should have been considered as a severe impairment. Dkt. 12, p. 4. Plaintiff does not point to and the Court has not found any evidence in the record showing her obesity significantly limits her ability to conduct basic work activities and fails to establish any limitations caused by her obesity. *See* Dkt. 12, pp. 4-6; 20 C.F.R. §§ 404.1521, 416.921 (an impairment is "not severe if it does not significant limit your physical . . . ability to do basic work activities," such as "walking, standing, [or] standing"). Thus, Plaintiff failed to demonstrate any harmful error on this matter. *See Bailey v. Colvin*, 669 Fed. Appx. 839, 840 (9th Cir. 2016) (citing *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012)) (finding no error where the claimant did not "demonstrate prejudice from any errors").

---

[3] Plaintiff argues the ALJ erred when she "declined to disturb" her analysis of Plaintiff's obesity from the prior hearing, and by failing to discuss obesity in the second opinion. Dkt. 12, p. 6. This is not error, however, because the ALJ incorporated her earlier findings by reference. *See, e.g.*, *Conejo v. Colvin*, 2014 WL 4264945, at *9 (C.D. Cal. Aug. 27, 2014) ("Generally, it is not improper for an ALJ to incorporate a previous decision and supplement it with a subsequent decision."); *Mason v. Astrue*, 2008 WL 4382662, at *2 (C.D. Cal. Sep. 11, 2008) ("Contrary to Plaintiff's assertion, there is nothing *per se* improper about incorporating prior administrative decisions by reference.").

1 | Further, the ALJ comported with the rules contained in SSR 02-1p by considering the effect of
2 | Plaintiff's obesity "on each body system included in the listings, and [finding] that the evidence
3 | does not show that obesity … [is] of listing level severity." AR 22. Lastly, Plaintiff is incorrect in
4 | her statement that "[t]he ALJ did not address Alcohol abuse and its effects if any on [Plaintiff's]
5 | functioning." Dkt. 12, p. 6. By contrast, the ALJ found the Plaintiff "has the following severe
6 | impairments: fibromyalgia; mild left knee osteoarthritis; anxiety disorder; depressive disorder;
7 | pain disorder; and a *history of alcohol abuse*." AR 468 (emphasis added). Additionally, Plaintiff
8 | has not shown how symptoms from an alcohol problem affect her ability to do basic work
9 | activities. *See* 20 C.F.R. §§ 404.1521, 416.921.

Therefore, Plaintiff has failed to show the ALJ erred at Step Two in not finding Plaintiff's obesity and alcohol problem were severe impairments. *See Ludwig*, 681 F.3d 1047 at 1054 ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected [her] 'substantial rights.'"). Accordingly, the Court concludes the ALJ did not err in her assessment of Plaintiff's obesity and alcohol problem at Step Two.

Plaintiff, as a separate argument, asserts the ALJ improperly assessed Plaintiff's RFC because "the remainder of [the ALJ's] sequential evaluation is tainted" from erring at Step Two. Dkt. 12, p. 12. However, because the Court found Plaintiff did not show error at Step Two, Plaintiff's RFC argument fails, as well.

**II.     Whether the ALJ properly analyzed the medical opinion evidence.**

Plaintiff contends the ALJ failed to properly analyze the medical opinion evidence, saying that "[t]he objective evidence in the longitudinal record supports [Plaintiff's] allegations." Dkt. 12, p. 7. Plaintiff then lists several doctors' findings and opinions from the record in great length, but fails to denote any error by the ALJ. Dkt. 12, pp. 6-10. In failing to explain how the

ALJ erred with regard to each particular opinion, Plaintiff also failed to show how the ALJ's alleged mistreatment of this evidence was consequential to the RFC and the ultimate disability determination. Given the lack of specificity in Plaintiff's argument, Plaintiff failed to demonstrate any harmful error on the ALJ's treatment of the medical evidence. *See Bailey*, 669 Fed. Appx. 839 at 840 (citing *Ludwig*, 681 F.3d 1047 at 1054). The Court therefore rejects Plaintiff's conclusory argument. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692, n. 2 (9th Cir. 2009) (rejecting "any invitation" to find error where the claimant failed to explain how the ALJ harmfully erred); *see also Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citation and internal quotation omitted) (the court "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief").

Although unclear, Plaintiff also seems to argue the ALJ ignored evidence that did not support her conclusion, including Plaintiff's own testimony. Dkt. 12, pp. 10-11. Plaintiff argues the ALJ ignored evidence that Plaintiff "was poorly groomed, smelled of cigarette smoke, appeared pale … her general appearance was characterized as 'sickly' … [s]he was also observed as being 'unkempt' … [and] was often noted to be tired, anxious, and unable to concentrate." Dkt. 12, p. 10 (citations omitted). The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

The evidence Plaintiff lists does not contain functional limitations or show Plaintiff was unable to work during the alleged period of disability. *See* Dkt. 12, p. 10. Further, Plaintiff fails to show how the ALJ's alleged failure to discuss portions of the record is consequential to the RFC and the ultimate disability determination. *See* Dkt. 12, p. 10; *Ludwig*, 681 F.3d 1047 at 1054; *Valentine*, 574 F.3d 685 at 692. Accordingly, the Court finds the ALJ properly considered the medical evidence and did not err by failing to discuss evidence in the record. *See Houghton v. Commissioner Social Sec. Admin.*, 493 Fed. Appx. 843, 845 (9th Cir. 2012) (finding the plaintiff failed to show the ALJ was required to discuss a diagnosed impairment in the absence of significant, probative evidence showing the impairment caused a functional impact or restriction on the plaintiff's ability to work).

### III. Whether the ALJ erred in assessing Plaintiff's RFC and finding Plaintiff not disabled at Step Five of the sequential evaluation process.

Plaintiff next contends the ALJ erred in her assessment of Plaintiff's RFC and in her Step Five analysis. Dkt. 12, pp. 11-14. Plaintiff also asserts the ALJ erred her assessment of Plaintiff's age. Dkt. 12, p. 12. First, Plaintiff alleges the ALJ erred in assessing Plaintiff's RFC because the ALJ erred at Step Two. Dkt. 12, pp. 11-12. As discussed above, the Court found no error at Step Two. *See* Section I, *supra*.[4] Because the Court found Plaintiff did not show error at Step Two, Plaintiff's RFC argument fails.

---

[4] Plaintiff also claims the ALJ erred because the transcript and/or the ALJ's decision contains a typographical error. Dkt. 12, p. 11. The hearing transcript reflects that the ALJ's question to the VE was whether a person who "can't" continue to work while in the changed position could perform occupations in the economy, while in the ALJ's decision it states that the claimant "can" continue to work while in the changed position. *See* AR 498, 470. This error is harmless because the hypothetical reflected in the hearing transcript was more restrictive than the RFC. Thus, a person who could work those jobs under the more restrictive hypothetical could also work those jobs under the less restrictive RFC. *See* Dkt. 13, p. 6. Further, the ALJ provided clarification later on in the transcript that resolves any ambiguity. *See* AR 502 ("Changing positions for a few minutes, yes, and continuing to work all in the standing or change [sic] position").

Next Plaintiff asserts the ALJ erred in her assessment of Plaintiff's age because the ALJ did not provide a clear explanation of the factors she considered in making the assessment. Dkt. 12, p. 12. For a party to preserve an argument, courts "require contentions to be accompanied by reasons." *Indep. Towers Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003). Courts consider "only issues which are argued specifically and distinctly in a party's opening brief" and will not "manufacture arguments" for a party. *Id.* Here, Plaintiff claims the ALJ erred in assessing her age category but provides no argument. Dkt. 12, p. 12. In fact, Plaintiff's argument is in the form of a heading in her brief, and she does not offer any substance under the heading. Dkt. 12, p .12. Without offering more explanation, Plaintiff's argument is incomplete. The Court therefore rejects Plaintiff's conclusory argument. *See Valentine*, 574 F.3d 685 at 692; *see also Carmickle*, 533 F.3d 1155 at 1161.

Finally, Plaintiff argues the ALJ erred at Step Five by failing to provide persuasive evidence to support a deviation from the Dictionary of Occupational Titles ("DOT"). Dkt. 12, pp. 12-14. But Plaintiff did not identify any apparent conflicts between the vocational evidence and the DOT and also did not show any deviation from the DOT. *See* Dkt. 12, p. 13. Plaintiff provided the definition of light work—nothing further. Dkt. 12, p. 13. By contrast, the ALJ asked the VE to explain several parts of his testimony and also received answers from the VE regarding his testimony for the occupations he identified. AR 499-501. By failing to identify any apparent conflicts between the vocational evidence and the DOT and not showing any deviation from the DOT, Plaintiff also fails to provide any error that is consequential to the ultimate disability determination. *See Valentine*, 574 F.3d 685 at 692; *see also Carmickle*, 533 F.3d 1155 at 1161. Therefore, the ALJ did not err at Step 5.

The Court concludes the ALJ properly assessed Plaintiff's RFC and did not err in

finding Plaintiff not disabled.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice. The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 23rd day of January, 2020.

*David W. Christel*
United States Magistrate Judge